[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11996
Non-Argument Calendar

_____

D. C. Docket No. 02-01080-CV-T-24-MSS

GEORGE M. MILLER,

Plaintiff-Appellant,

versus

EVERETT RICE, Sheriff of Pinellas County,
in his official capacity,
CHARLES STREET, Deputy and Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 29, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

George Miller, a state prisoner, sued Deputy Charles Street of the Pinellas County Sheriff's Office under 42 U.S.C. § 1983, claiming that Deputy Street used excessive force during a foot chase. After a four-day jury trial, the district court granted Deputy Street's motion for judgment as a matter of law based on qualified immunity.[1] The district court also denied plaintiff Miller's motion for new trial. Miller, proceeding pro se, appeals both rulings.

We first note that Miller has failed to provide this Court with a complete trial transcript. Accordingly, we cannot review in a meaningful way whether any evidentiary errors were committed by the district court during the trial of this case, and "we must affirm the district court when an appellant fails to provide all the evidence that the trial court had before it when making various contested evidentiary rulings." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002);

---

[1]Although the district court granted Deputy Street's motion for judgment as a matter of law, the district court, in an abundance of caution, also submitted certain issues to the jury. The jury answered these two jury interrogatories as follows:

> Do you find from a preponderance of the evidence: 1. That Deputy Street intentionally committed acts that violated George Miller's federal constitutional right not to be subjected to excessive or unreasonable force during the pursuit of Mr. Miller before he reached the vehicle operated by Russell Elwell?

The jury answered no.

> Do you find from a preponderance of the evidence: 1. George Miller attempted to forcibly enter and take an occupied vehicle before Deputy Street discharged his firearm?

The jury answered yes.

accord Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 758 (11th Cir. 1985).

Alternatively, we affirm because based on the parts of the record that Miller did provide, Miller's arguments on appeal lack merit.

**AFFIRMED.**